### (February 26, 1937.)

EMMA STRAUS NEWMAN, Appellant, v. ARTHUR G. DORE and EDGAR BIBAS, as Trustees under a Certain Trust Agreement Dated June 25, 1934, Made by and between FERDINAND STRAUS, as Settlor, and ARTHUR G. DORE and EDGAR BIBAS, as Trustees; ARTHUR G. DORE and EDGAR BIBAS, as Executors and Trustees under the Will of FERDINAND STRAUS, Deceased; CLARA DORNER STRAUS, Respondents, Impleaded with Others, Defendants.

No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Glennon and Untermyer, JJ., dissent and vote to reverse and direct judgment in favor of the plaintiff; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). For the reasons stated and upon the authorities cited in my dissenting opinion in Bodner v. Feit (247 App. Div. 119), I vote to reverse the judgment and direct judgment in favor of the plaintiff.

To the authorities cited in *Bodner* v. *Feit* (*supra*) should be added the recent decision of this court in *Matter of Glen* (247 App. Div. 518; affd., 272 N. Y. 530). The statute (Dec. Est. Law, § 18) only entitled the wife upon the death of her husband to take an interest in his "estate." Until after death there can, of course, be no "estate." During life both parties remain the absolute owners of their separate property and may dispose of it for any purpose or from any motive.

Glennon, J., concurs.